TRAHAN'S HEIRS
*vs.*
ARDOUIN'S
HEIRS.

### TRAHAN'S HEIRS *vs.* ARDOUIN'S HEIRS.

APPEAL FROM THE COURT OF THE FIFTH JUDICIAL DISTRICT FOR THE PARISH OF ST. MARTIN, THE JUDGE OF THE DISTRICT PRESIDING.

The district courts have jurisdiction of cases, in which the validity of a will is contested, in suits between different sets of heirs claiming a succession.

This is an action by the heirs at law of Marie Marguerite Trahan, deceased, to recover from the defendants, her succession, which the latter hold and claim under a will.

The plaintiffs allege, that they are the nearest collateral relations of the deceased, who died without leaving ascendants or descendants, and are entitled by law, to inherit her succession ; but that the children and heirs of Etienne Ardouin, deceased, to whom the said Marie Marguerite Trahan had been married, claim possession under and by virtue of a will, which she was induced to make in her last moments, through the conspiracy of said persons, and in which she instituted them her heirs. The plaintiffs further allege, that the said will is null and void for want of the various formalities required by law to make a valid will ; and especially in this, that it requires five witnesses instead of *three*, being made in the country where more witnesses could have been procured, and one of the witnesses not residing in

the place where the will was passed. The plaintiffs pray that the defendants be cited, and condemned to deliver to them the succession of the decedent, including the notes and obligations taken for the property sold by the probate judge, and not yet due ; and that the defendants be compelled to render an account of the community existing between the said Marie Marguerite and her late husband, and pay over to them all the funds belonging to her succession, which may have passed into their hands.

The defendants pleaded a general denial, and aver that they are entitled to the succession of Marie Marguerite Trahan, in virtue of a nuncupative will, under private signature, executed by her the 16th April, 1829, and duly admitted to probate, in which they have been instituted her heirs and universal legatees, and as such have taken possession of her succession, and disposed of the same through a testamentary executor duly appointed ; that said will is valid and has been made with all the formalities of law ; that it was made in the country and three witnesses were all that could be procured at the time, the testatrix being in the last extremity of illness.

The defendants deny all fraud and conspiracy, and aver that if the will should be declared null that they be reimbursed their expenses of administration, and that they retain all the property of their deceased father, both his separate and the community property ; but they pray to be maintained in their right and possession of all the property of said Marie Marguerite, and that their will be declared good and valid.

Upon these pleadings and issues the case was tried by a jury.

The evidence showed that more than three witnesses might have been obtained. There were several other persons about the house at the time, who were competent witnesses.

On the trial, to repel the charge of conspiracy and fraud in obtaining this will, the defendants offered a nuncupative will, passed before a notary, in 1826, in which the testatrix

WESTERN DIST.
*Sept.* 1837.

TRAHAN'S HEIRS
*vs.*
ARDOUIN'S
HEIRS.

gave her whole property to her husband, then living, and made him her universal legatee, and instituted heir. The reading of this will was objected to and excluded by the court, which decision was excepted to.

This will became void by the death of the husband, before the testatrix.

The jury returned a verdict annulling the will and giving the property of the succession to the plaintiffs.

Judgment was rendered confirming the verdict, and referring the case to the parish judge, as auditor, to state an account of the succession between the parties. The defendants appealed.

*Lewis,* for the plaintiffs.

*Simon,* for defendants.

1. This is not an action of revendication that must be brought in the District Court. It is a suit to annul a will, and the principal question is, has the District Court jurisdiction? The validity of the will and decree of the Probate Court, ordering it to be executed, are put directly at issue, so that it is really an action of nullity against the decree or judgment of the Probate Court. The District Court is clearly without jurisdiction. *Lewis* vs. *Lewis's Executors,* 5 *Louisiana Reports,* 387. 8 *Martin, N. S.,* 518. 1 *Louisiana Reports,* 19.

2. In this case the District Court is without jurisdiction, *ratione materia,* and it is not necessary to plead specially to the jurisdiction. The court can and should *ex officio* dismiss the action.

3. The case of *Sharp* vs. *Knox,* 2 *Louisiana Reports,* 26, is not like this. That was an action of revendication, to recover property in the hands of the pretended heir, and the will under which he claimed had not been admitted to probate.

*Carleton, J.,* delivered the opinion of the court.

The petitioners allege, that they are the collateral relations, and heirs at law, of Marie M. Trahan, who died leaving

WESTERN DIST.
*Sept.* 1837.

TRAHAN'S HEIRS
*vs.*
ARDOUIN'S
HEIRS.

considerable property, both real and personal, held in community with her husband, Etienne Ardouin ; that the heirs of said Ardouin by a former marriage, claim and took possession of the portion of the estate to which said Marie was entitled, in virtue of a nuncupative will under private signature, dated in April, 1829, which the petitioners allege to be null and void, for the following reasons set out in their petition, viz : that it was never executed or consented to by the testatrix ; that she never presented it to the witnesses as is pretended; that she never dictated it to the person who wrote it ; that she never declared it to be her last will and testament, nor declared that she had caused it to be written out of her presence ; that she never signed the same or made her ordinary mark thereto ; and finally, that there are but three subscribing witnesses when five could have been easily procured.

The defendants answer by general denial, and aver that they are the testamentary heirs and universal legatees of said Marie, and have taken possession of her estate as her testamentary heirs, under said will, and disposed of the same ; that the will was made in the country where three witnesses only could be obtained, which they allege to be sufficient in law.

The defendants further insist, that if the will be declared void, they are entitled to be reimbursed the expenses incurred, an account of which they exhibit ; that they are moreover entitled to the amount of property brought by said Ardouin into marriage, as also to one half of the community of acquests and gains, all of which, they aver, to be one thousand dollars more than is stated in the petition, and pray for the liquidation of the same in case the will be void.

The cause was submitted to a jury who found a verdict for the plaintiffs.

After an ineffectual effort to obtain a new trial on the part of defendants, the court pronounced its judgment, and they appealed.

Our attention is first drawn to a question of jurisdiction raised in argument by defendants' counsel, who insists that

50

WESTERN DIST.  the Court of Probates, and not the District Court, is the
*Sept.* 1837.  only tribunal before which the validity of the will can be

BROUSSARD  tested.   This point has just been settled in the case of Marie
*vs.*  O'Donogan, wife of James Bonner *vs.* William G. Knox,
ETIE.

The district *ante,* where we determined that the District Courts had
courts have ju-  jurisdiction in such cases.
risdiction of ca-
ses,   in   which      At the trial of the cause, defendants' counsel took a bill
the validity of a
will is contested,  of exceptions to the opinion of the court, who refused to per-
in suits between  mit a former will of the testatrix by public act, to be read in
different sets of
heirs claiming a  evidence, to show that it was always her intention to leave
succession.
her property to the family of her husband.   This will was
dated in 1826, and became void by the death of her husband,
the instituted heir, who died before the testatrix.

We think the court did not err.   The question was not,
what was the intention of the testatrix, but whether the will
containing that intention was executed in due form of law.

We have looked carefully through the testimony in the
record, and think the plaintiffs have made out their case.
The controversy turned mainly upon matters of fact, of
which the jury were the best judges, and we see no reason
to be dissatisfied with the judgment of the court.

It is, therefore, ordered, adjudged and decreed, that the
judgment of the District Court be affirmed, with costs.